### J. H. TERRELL v. STATE.

No. A-7877. Opinion Filed July 11, 1931.
(1 Pac. [2d] 810.)

Hill & Banta, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, herein-after referred to as the defendant, was convicted as an ha-bitual violator of the prohibitory laws, on an information, the charging part of which is as follows:

"Said J. H. Terrell did, then and there, willfully, wrongfully, intentionally and feloniously and subsequent to the convictions of said J. H. Terrell in the above set forth offenses, and being more than the second offense of the said J. H. Terrell, have and keep in his possession certain intoxicating liquor, to wit:   70 pints of beer, said beer then and there containing as much as one half of one per cent. of alcohol measured by volume, and capable of being used as a beverage, with the unlawful and felo-nious intent to sell, barter, give away and otherwise dis-pose of the same, against the peace and dignity of the state"—and was sentenced to be imprisoned at McAles-ter for a term of one year.

Motion for new trial was filed, considered, overruled, and exceptions saved.

The testimony on behalf of the state tends to show that the officers went to the home of the defendant with-out a search warrant or warrant for his arrest; they claim they had some kind of information that the defend-ant was violating the law.   The witnesses claim they found a number of bottles of what they call beer or home-brew on the defendant's premises, in and around his build-ings.   Witness Doyle stated he tasted some of the brew that was found in the cane patch.   The witness Doyle

was asked the following questions, and gave the following answers:

"Q. Mr. Doyle, state whether or not you can tell intoxicating liquors when you taste them? A. I do. Q. Can you tell whether or not beer has alcoholic contents; can you tell that or not?"

Objections were interposed by the defendant. The examination of the witness proceeded on other lines without the question being answered. At the close of the testimony, the defendant demurred to the evidence of the state for the reason that the evidence, with every reasonable inference that may be drawn therefrom, does not sustain, and wholly fails to sustain, the charge alleged in the information, and fails to show a violation of the prohibitory laws of the state of Oklahoma, which demurrer was overruled and defendant excepted.

Several errors are assigned by the defendant as grounds for reversal of this case. It is only deemed necessary to consider the second assignment, which is as follows:

"The verdict of the jury is contrary to the evidence."

The allegations in the information charged the defendant with having possession of intoxicating liquor, to wit: A number of bottles of beer containing as much as one-half of one per cent. alcohol measured by volume, and capable of being used as a beverage, with the unlawful and felonious intent to sell, barter, give away, and otherwise furnish the same to others. An examination of the record clearly shows that the liquor in question was home-brew. There is no evidence whatever as to the per cent. of alcohol contained in the home-brew found, or that it was capable of being used as a beverage; there is no evidence that it was possessed by the defendant for the pur-

pose of selling, bartering, giving away, or otherwise furnishing the same; nor is there any testimony that it was intoxicating. The evidence is insufficient to sustain a conviction.

There are many other errors assigned by the defendant. Several of said errors are sufficient to warrant a reversal of this case, but, in view of the fact that there is a total failure of proof of the allegation in the information, it is not deemed necessary to consider them.

The case is reversed.

EDWARDS and CHAPPELL, JJ., concur.